IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN BLANTON,<br> *Plaintiff*<br><br>VS.<br><br>THE CITY OF DALLAS, THE DALLAS POLICE DEPARTMENT, CHIEF DAVID BROWN, Individually and in his Official Capacity, AND SEVERAL UNKNOWN DALLAS POLICE OFFICERS, Individually<br><br>AND<br><br>VARIOUS UNKNOWN PEACE OFFICERS, WHOSE IDENTITIES AND CITY OR STATE AGENCIES ARE UNKNOWN, Individually<br><br>AND<br><br>VARIOUS UNKNOWN FEDERAL LAW ENFORCEMENT OFFICERS, WHOSE IDENTITIES AND AGENCIES ARE UNKNOWN, Individually<br> *Defendants* | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§<br><br>NO. _____ |

Plaintiff's Original Complaint
Page 1 of 10

# PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JOHN BLANTON, Plaintiff herein, and files this, his Original Complaint, complaining of the above-cited persons and agencies, and for cause of action, would show the Court as follows:

## A.

## Parties

1. John Blanton is a natural person and a resident of Dallas County, Texas and the Northern District of Texas.

2. The City of Dallas is a municipality located in the Northern District of Texas.

3. Chief David Brown is a natural person performing his occupation in the Northern District of Texas.

4. There are unknown Dallas Police Officers who participated in the acts alleged in this Complaint. They are performing their occupations in the Northern District of Texas.

5. There are unknown law enforcement agencies who participated in the acts alleged in this Complaint. They are performing their occupations in the Northern District of Texas.

6. There are unknown law enforcement officers who participated in the acts alleged in the Complaint. They are performing their occupations in the Northern District of Texas.

B.

Jurisdiction

7. This Court has jurisdiction over the claims raised in this complaint under 42 U.S.C. § 1983, 28 U.S.C. § 1331 and *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

C.

Venue

8. Venue is appropriate in the Northern District under the following provisions: 28 U.S.C. § 1391 (e) (2) (suit against federal officers- venue appropriate in the district where a substantial part of the events or omissions giving rise to the claim occurred); *Butterworth v. Hill*, 114 U.S. 128, 132 (1885) (venue for suits against state officials is where they performed the acts).

D.

Conditions Precedent

9. All conditions precedent to the filing of this suit have been performed or have occurred.

E.

Facts

10.     On or about February 14, 2013, a United States Magistrate for the Northern District of Texas issued a search warrant for Plaintiff's residence at 436 Buckingham Place, DeSoto, Texas 75115. The application for a warrant was made by an officer for the Drug Enforcement Administration named Kyrus Branch, although it is not known whether Branch participated in execution of the warrant. The search warrant indicates that this was a task force operation, meaning that both state, federal and municipal officers could be involved. Plaintiff does not at this time know the identities of the officers participating in executing the warrant, but he will file an amended petition when he does.

11.     Plaintiff does know that Dallas Police Officers were involved in executing the warrant because officers from that agency left documents at the house on decontamination proceedings and how to file a claim for damages with the City of Dallas.

12.     Plaintiff was not home at the time of the search. From the physical evidence viewed shortly after officers left, it is clear that officers broke almost every window in Plaintiff's residence and launched tear gas or other unknown noxious substances into the house.

13. Nearly everything of value in the house was affected by the application of tear gas and other unknown noxious substances. Essentially, the residence was rendered uninhabitable.

14. Though approximately six months or more of continuous effort, Plaintiff was able to bring the house back to habitable condition, expending over $40,000.00 in the process. More work remains to be done on items that were damaged in the execution of the warrant.

15. In addition, unknown officers spoke with Plaintiff's neighbors, implying that Plaintiff was a major drug dealer.

16. No controlled substances, drug paraphernalia or any criminal instruments or evidence of any kind was found during the raid.

F.

Count One: 42 U.S.C. § 1983 Claim

17. 42 U.S.C. § 1983 provides that every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, or the District of Columbia, subjects, or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof, to the deprivations of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or any other proper procedure for redress.

18.    At all relevant times herein, Defendants were "persons" for purposes of 42 U.S.C. § 1983 and acted under color of law to deprive the Plaintiff of his constitutional rights.

19.    The Defendants herein violated Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures by their conduct, as described in Section E above, or by their conduct in concert with any federal agents.

20.    As for the City of Dallas, the Dallas Police Department and Chief David Brown, they may be held liable for Plaintiff's damages if (a) they failed to train or supervise their officers, (b) there is a causal connection between the alleged failure to train and the alleged violation of Plaintiff's rights and (c), the failure to train or supervise constituted deliberate indifference to Plaintiffs constitutional rights. *Brumfeld v. Collins*, 551 F.3d 322, 332 (5th Cir. 2008).

21.    Defendants City of Dallas, Dallas Police Department and Chief David Brown are liable for the actions of the officers violating Plaintiff's constitutional rights by failing to properly train and supervise. The officer's actions in executing the search warrant, which constituted a clear case of "overkill," evidenced that they had not been properly trained or supervised and that they were not overly concerned with how they

would be viewed by their supervisors. A causal connection existed between the failure properly to train or supervise because the manner in which the search warrant was executed caused Plaintiff grievous damage, and the investigation prior to the raid was improper investigation designed only to ruin Plaintiff's reputation. Thus the failure to properly train or supervise constituted a deliberate indifference to Plaintiff's constitutional rights.

22. The analysis in Paragraphs 18-21 would apply equally to any state or city police officers participating in the execution of the warrant and their supervisors.

### G. Count Two: *Bivens* Claim

23. A federal agent may be sued if he or she violates a person's constitutional rights. *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

24. Therefore, to the extent that any members of the task force were federal agents acting under color of federal law, they are liable in damages for their conduct, as set forth in Section E above, or by their conduct in concert with other officers working for state or city departments.

## H.

## Damages

25. Plaintiff suffered the following damages as a result of the actions or omissions of the Defendants:

    a.    Property damage to his residence.

    b.    Inconvenience.

    c.    Damage to his reputation.

    d.    Mental anguish in the past.

    e.    Mental anguish in the future.

## I.

## Attorney's Fees

26. Plaintiff is also entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988 (b).

## J.

## Jury Demand

27. Plaintiff asserts his rights under the 7th Amendment to the United States Constitution and demands, in accordance with Fed. R. Civ. P. 38, a trial by jury on all issues.

## K.

## Prayer for Relief

28. For these reasons, Plaintiff requests judgment against Defendants for the following relief:

a. Actual damages.

b. Reasonable attorney's fees.

c. Prejudgment and postjudgment interest.

d. Costs of suit.

e. Any other relief the Court deems appropriate.

Respectfully submitted,


/s/ **John D. Nation**
John D. Nation
State Bar No. 14819700
4925 Greenville, Suite 200
Dallas, Texas 75206
214-800-5160
214-800-5161 (facsimile)

Attorney for Plaintiff